Smith *et al. vs.* Byers *et al.*

H. L. PATTERSON, for defendant, cited Revised Code, section 2715; 28th Georgia Reports, 165.

---

WILLIAM A. SMITH *et al.*, plaintiffs in error, *vs.* WILLIAM L. BYERS *et al.*, defendants in error.

1. A judgment in equity, directing the removal of trustees for mal-administration, and that they pay a certain amount into the hands of a Receiver, that it may go into the hands of a new trustee, to be managed according to the terms of the trust, is not such a debt as the plaintiffs in the bill, the beneficaries, are bound to pay taxes upon.

2. A judgment of a Court of competent jurisdiction, is conclusive between the same parties as to all matters at issue, and when executors are removed from their trust under a judgment for waste and mismanagement, they cannot, under the Relief Act of 1870, deny that they have mismanaged their trust.

Relief Act, 1870. *Res adjudicata.* Before Judge KNIGHT. Dawson Superior Court. April Term, 1871.

See the origin of this case, *ante,* 41st Georgia Reports, 437. The judgment was that Byers *et al.*, complainants, recover of Smith & Looper $5,500 00, to be paid to a Receiver, when appointed, and that they be removed from their executorship. A *fi. fa.* was issued accordingly on said judgment, and was levied upon certain lands of Looper. He and Smith filed an affidavit that said *fi. fa.* was proceeding illegally, because the same was founded upon a contract made or implied before June, 1865, and the legal taxes chargeable by law on said debt had not been paid; that Looper lost "in consequence of the war," $16,900 00, in the destruction, loss and depreciation of property, and Smith lost $12,700 00

in the same way, (shown by a schedule of the property lost), which they "pleaded as set-off and recoupment in damages against said plaintiffs' execution, because said set-off and recoupment were not pleaded nor admitted by said Court in the former trial of said case, from which said execution issued;" "they have not acted fraudulently, as executors, nor have they wilfully or negligently mismanaged the property in their charge, to the best of their knowledge and belief." Wherefore, they prayed the benefit of the "Relief laws," and a stay of said execution, until a trial could be had under said laws.

The complainants' counsel moved to dismiss this affidavit, because it was insufficient in-law to stop the *fi, fa.;* because the original judgment was conclusive on defendants; because, by the record, it appears that this cause is not covered by the "Relief laws," and last, because they got the benefit of said laws on the former trial. The Court dismissed the illegality and ordered the *fi. fa.* to proceed. This is assigned as error.

M. L. SMITH, J. N. DORSEY, WEIR BOYD, for plaintiffs in error.

A. P. BELL, GEORGE D. RICE, for defendants in error.

McCAY, Judge.

We are very clear that this affidavit was properly dismissed. We do not discuss the constitutional question raised. The case made in this record is not within the Act of October 13th, 1870.

1st. This judgment is a judgment on a bill filed to remove a trustee, appoint another, and *to transfer to him the trust fund.* The plaintiffs in the bill are not and have not been entitled to the money. The legal title is in the trustee, whoever he may be. Until the money is paid over, the trust fund is in the hands of the trustee, the defendant, and it has been and is his duty to pay the taxes upon it. The

Cantrell *vs.* Mobb.

·presumption of law is, that the trustee has, in the judgment, been credited with the taxes. At any rate, it was not and is not now the duty of the plaintiffs to pay the tax.

2d. The very gist of the bill, upon which the judgment was obtained, is the charge that the defendant had *mismanaged* and was wasting the trust fund, and the finding of the jury was, in effect, a judgment to that effect between the parties, since it was only on that hypothesis that the trustee was removable.

The Act of 1870, expressly excepts from its provisions trustees who have wasted or mismanaged trust funds in their hands. Here is the judgment of a Court of competent jurisdiction in a matter at issue between the parties. It is contrary to every rule and to every authority, to permit this very issue to be again tried. For two reasons, therefore, we think the judgment was right: 1. The affidavit, by denying that plaintiffs have paid the taxes due, asserts nothing that brings this judgment within the Act of 1870, since it was the duty of the defendant, and not of the plaintiffs, to pay the tax. 2. The Act of 1870 excepts cases of trustees who have mismanaged and wasted the trust fund, and the judgment is conclusive that these trustees have so done. They are, therefore, by the judgment itself, declared to be within the exception of the statute.

Judgment affirmed, with damages.